# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOHN R. RUFFINS, Conservator for ROBERT A.
RUFFINS,

          Plaintiff-Appellant-Cross-Appellee,

v

DTE ELECTRIC COMPANY,

          Defendant-Appellee-Cross-
          Appellant.

UNPUBLISHED
April 28, 2016

No. 325443
Livingston Circuit Court
LC No. 13-027760-NO

---

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order dismissing and transferring the case to the Michigan Public Service Commission (MPSC) under the doctrine of primary jurisdiction. Defendant DTE Electric Company (DTE) cross appeals the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10). Because DTE was entitled to summary disposition under MCR 2.116(C)(10) on the element of causation, which would not have been a matter examined by the MPSC, it is unnecessary for us to entertain the question whether the trial court properly invoked the doctrine of primary jurisdiction. We reverse the trial court's primary jurisdiction ruling and remand for entry of judgment in favor of DTE pursuant to MCR 2.116(C)(10).

This case stems from an electricity shutoff at the home of Robert Ruffins (hereinafter Ruffins) by DTE. Ruffins, who suffered from dementia, lived alone but received assistance from his family members. Plaintiff is Ruffins's brother and conservator. Plaintiff testified that he knew that his brother's bills from DTE were past due and had told him to pay the amount owed. Apparently, Ruffins did not follow his brother's advice because on January 16, 2013, DTE disconnected the meter on Ruffins's home for lack of payment. Later that night, Ruffins's cousin, Sally Conner, came to see him and found him naked, cold, covered in diarrhea, and unresponsive on his bedroom floor. Ruffins now resides in a nursing home and requires constant care.

Plaintiff brought this action alleging that DTE caused Ruffins's injuries by failing to give notice of the shutoff in accordance with an MPSC administrative emergency rule. DTE filed a motion for summary disposition, arguing that plaintiff, as a matter of law, had failed to establish

-1-

a duty or breach of any duty and noting that the emergency rule relied on by plaintiff had not been in effect at the time of the incident. In the alternative, DTE maintained that the doctrine of primary jurisdiction would apply if there were any questions of fact concerning whether DTE had complied with MPSC rules and regulations. The trial court denied DTE's motion without prejudice, allowing plaintiff to file an amended complaint. Plaintiff filed an amended complaint, retaining the previous allegation regarding the emergency rule, while adding a new claimed violation of Mich Admin Code, R 460.141 (Manner of shutoff). Plaintiff asserted that DTE had violated Rule 460.141, where DTE's employee who shut off the electricity allegedly failed to identify himself to Ruffins before the shutoff, failed to announce to Ruffins his intent to turn off the power, failed to provide Ruffins with the opportunity to pay the bill, and failed to leave a written shutoff notice. DTE filed a second motion for summary disposition, raising the issues argued previously in its original motion, but now also alleging a failure by plaintiff to establish an issue of fact regarding causation. The trial court denied the motion for purposes of MCR 2.116(C)(10), but dismissed the case without prejudice and transferred it to the MPSC under the doctrine of primary jurisdiction. Plaintiff appeals the primary jurisdiction ruling, while DTE cross appeals the trial court's (C)(10) ruling.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). With respect to a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), articulated:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke*, 489 Mich at 162.

We shall assume that DTE owed Ruffins a legal duty consistent with the MPSC rules on providing notice directly before electricity is shut off to a residence, and we shall also assume that DTE's employee breached the duty as alleged by plaintiff. Regardless, plaintiff has failed to

create a genuine issue of material fact regarding whether the presumed breach was a cause of the alleged injuries. The causation element encompasses both cause in fact and proximate or legal cause. *Case v Consumers Power Co*, 463 Mich 1, 6 n 6; 615 NW2d 17 (2000). "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). It is not sufficient to proffer "a causation theory that, while factually supported, is, at best, just as possible as another theory." *Id.* at 164. A "plaintiff must present substantial evidence from which a jury may conclude that *more likely than not*, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id.* at 164-165 (emphasis added). "[L]itigants do not have any right to submit an evidentiary record to the jury that would allow the jury to do nothing more than guess." *Id.* at 174. The *Skinner* Court further observed that " '[t]he evidence need not negate all other possible causes' " and that absolute certainty on causation is not required. *Id.* at 166, quoting 57A Am Jur 2d, Negligence, § 461, p 442.

Plaintiff's lawsuit is entirely predicated on the alleged lack of proper notice at the time electrical service was disrupted; however, the case is ultimately overly speculative regarding whether the lack of notice resulted in the deteriorated physical and mental state in which Ruffins was discovered by his cousin. First, there was undisputed evidence that Ruffins had received numerous past-due notices, that Ruffins had the funds to pay the DTE electric bill, that plaintiff had pleaded with Ruffins to pay the bill, that at least one day before the shutoff, DTE made, minimally, two attempts to contact Ruffins by phone, and that, despite these efforts and circumstances, Ruffins still did not pay the bill. Moreover, there is no indication that once the power was turned off, which certainly would have been noticeable fairly quickly, that Ruffins took any steps to contact DTE to take care of his outstanding bill or to otherwise check on the matter, nor did Ruffins contact family members about the emerging situation. Therefore, the evidence strongly indicated that had DTE's employee provided the requisite notice, which we are assuming did not occur, Ruffins would not have reacted any differently, and a jury would have to engage in pure conjecture and speculation in order to find a causal link. It is truly unfortunate if his dementia played a role in Ruffins's failure to pay the bill and reaction to the shutoff, but DTE cannot be blamed for that circumstance, of which it had no knowledge.

Furthermore, there is no evidence that the lack of notice or electricity actually caused Ruffins's deteriorated medical condition. Plaintiff himself surmised that Ruffins was having digestive problems and may have slipped and fallen on his own feces. Plaintiff points to a medical letter from a doctor who was a "member of [Ruffins's] care team," which reflected an opinion that Ruffins had suffered a serious injury that resulted in a significant loss of cognitive function, leaving him unable to make informed decisions.[1] In conjunction with this medical evidence, plaintiff cites documentary evidence about Ruffins's physical and mental state directly before the incident, which was not nearly as bad as it was after the shutoff, thereby giving rise, in plaintiff's view, to an inference that it was the shutoff or lack of electricity that caused the deterioration. This evidence, however, does not necessarily tie the harm to the presumed lack of notice or the lack of electricity; Ruffins could just as likely have had some type of accident or

---

[1] The letter said nothing in terms of whether the cold contributed to Ruffins's condition.

experienced a medical event unconnected to the power shutoff. Ultimately, a jury could do nothing more than guess on the issue of causation. Plaintiff did not present evidence, let alone substantial evidence, from which a jury could conclude that more likely than not, but for DTE's conduct or failures, the injuries would not have occurred.

Plaintiff presents a cursory argument that summary disposition relative to causation would be premature because there was still a month left for discovery. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003) (citations omitted). "However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Id*. at 25 (citation omitted). Here, plaintiff fails to identify the nature of any previously-existing or potential discovery requests that could produce evidence that would create a genuine issue of material fact on causation.

Because DTE was entitled to summary disposition under MCR 2.116(C)(10) with respect to the element of causation, and because causation, as opposed to rule violations, would not have been a matter for the MPSC to explore, we reverse the trial court's primary jurisdiction ruling and remand for entry of judgment in favor of DTE.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause